## Seanor *v.* Fitt, Appellant (No. 1).

*Appeals—Assignments of error—More than one point.*

1. An assignment of error embracing more than one point violates the rules of court and will not be considered.

*Partnership—Sale of partner's property to firm.*

2. A partner can recover in assumpsit, from his copartners individually, the amount they have personally agreed to pay to him for a sale of his property to the firm.

Argued Jan. 7, 1919. Appeal, No. 74, Oct. T., 1918, by defendant, from judgment of C. P. Westmoreland Co., Nov. T., 1915, No. 139, on verdict for plaintiff in case of George W. Seanor, Executor of Noah Seanor, deceased, v. John H. Fitt. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for breach of a contract.   Before McCon-
NELL, J.

Verdict and judgment for plaintiff for $1,907.07.   De-
fendant appealed.

*Error assigned* was in refusing five points for charge.

*Benjamin H. Thompson,* with him *H. K. Shaffer,* for
appellant.

*Hugh W. Walkinshaw* and *Lewis C. Walkinshaw,* for
appellee.

OPINION BY MR. JUSTICE SIMPSON, January 20, 1919:

There is a single assignment of error in this case.   It
avers that the court below erred in refusing five sepa-
rate and distinct points for charge, all of which, with
the answers thereto, are embodied in the one assignment.
By rule 26 of the rules of this court, such joinder con-
stitutes "a waiver of all the errors so alleged"; and
there is, therefore, nothing we are called upon to con-
sider.

We are less regretful of this, because, upon the merits,
there is nothing in appellant's contention.   The suit was
upon an agreement by which the stock of goods of the
Plumville Lumber Company, belonging to Noah Seanor
alone, was sold to a partnership consisting of Noah Sea-
nor, the defendant, Fitt, and George H. Hileman, de-
fendant and Hileman each personally agreeing to pay
Seanor one-third of the appraised value thereof.   When
the stock was appraised, Hileman paid his one-third, but
Fitt paid only a portion of his, and his attempt, at the
two trials of the case, was to tangle up the matter with
the later affairs of the partnership.   In this he was un-
successful, as he should have been.   So far as the duty to
pay was concerned, it was an individual and not a part-
nership transaction.

The bill of sale of February 18, 1915, suggested as releasing the defendant, relates only to "bills, notes, accounts or other claims due and owing by said company." This suit, as stated above, is to recover a personal indebtedness of the defendant, and is not "due and owing by said company."

The judgment is affirmed.